PAUL KELLY, Jr., Circuit Judge,
concurring.
I concur in the court’s opinion, with the exception of the discussion concerning a constitutional liberty interest. There is no need to reach this issue even as “a general matter” because the statute, 18 U.S.C. § 3583(d)(2), limits the extent of any deprivation of liberty. At this point, we lack sufficient facts to decide whether Mr. Edgin has a constitutional liberty interest in his relationship with the child. I note that in both Quilloin v. Walcott, 434 U.S. 246, 254-56, 98 S.Ct. 549, 554-55, 54 L.Ed.2d 511 (1978), and Pena v. Mattox, 84 F.3d 894, 899 (7th Cir.1996), the biological fathers were unsuccessful in gaining relief on constitutional claims. In this case, any constitutional liberty interest would have to be balanced against the government’s right to restrict the liberty of a convicted person such as Mr. Edgin, whether it be for punitive, deterrence or rehabilitative purposes.